# Barney Welty, Appellee, v. The Chicago, Rock Island & Pacific Railway Company, Appellant.

## Gen. No. 15,687.

PASSENGER AND CARRIER—*what evidence competent in action for injuries.* In an action of assumpsit for injuries sustained, *held*, that the conversation of the Pullman conductor who was participating in the running of the train was competent.

Assumpsit. Appeal from the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911. Rehearing denied October 17, 1911. *Certiorari* denied by Supreme Court (making opinion final).

M. L. BELL, for appellant.

EDWARD MAHER and JAMES L. BYNUM, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

On the evening of October 6, 1908, appellee, Dr. Welty, having purchased a ticket over appellant's road to Chickasha, Oklahoma, together with his Pullman accommodations for the train leaving the La Salle station, Chicago, at 6 o'clock P. M., on that day at appellant's office in Chicago, presented himself at appellant's Englewood station before train No. 11 arrived there.

His Pullman ticket called for lower berth 3, car 1, on this train. When the train stopped he met Pullman Conductor Bransford, whom he had known some time, who asked him where he was going. Appellee told him. Bransford said to him, "This is not your train. Your train follows this." Appellee replied, "I am positive this is my train." After a few words Bransford asked to see his ticket, and appellee showed it to him, and after examining it Bransford said, "You're all right, get on quick." Bransford with appellee's ticket in his hand grabbed appellee's baggage and stepped on the train. Appellee then attempted to get upon the train and while so doing, with one foot on the step, the train suddenly started and appellee was thrown to the ground and received the injuries for which damages are claimed in this action.

The action is in assumpsit, and the declaration alleges that while appellee was with due care attempting to get on board the train, the defendant carelessly and negligently and violently started the train forward and wholly failed and neglected to keep the same standing still a sufficient length of time for appellee to board the train whereby appellee was thrown with great force and violence upon the ground and injured.

On the trial the jury found for the plaintiff, and assessed his damages at $5,000. The trial court required the plaintiff to remit $1,500 and upon this being done, overruled the motion for a new trial, and entered judgment against the defendant for $3,500. The defendant prosecutes this appeal.

It is urged on behalf of appellant that there is no evidence of negligence in not giving appellee a reasonable opportunity to board the train, and that there is no evidence of negligence in the starting of the train.

The testimony of the plaintiff is supported substantially by that of Mrs. Hubbert, and in some particulars by witnesses for the defendant. The testimony for

the defendant tends to show that the plaintiff supposed
he was to take what was known as the homeseekers'
train, which was running as the second section of train
No. 11, and left the La Salle station about fifteen
minutes later, and that on an examination of his
tickets by the Pullman conductor just as the train was
starting, the latter told the plaintiff that this was his
train, and took plaintiff's grip and boarded the train
as it was starting, having also his tickets. We find,
however, no warrant in the evidence for disagreeing
with the finding of the jury in favor of the plaintiff
on the issues joined and cannot disturb the verdict on
the question of a breach of defendant's contract.

It is contended that the court committed error in ad-
mitting the testimony of Mrs. Hubbert as to the con-
versation between the plaintiff and the Pullman con-
ductor, for the reason that she was unable to give the
exact words used by the parties. The evidence in the
case showed that the Pullman conductor participated
in running the train to the extent at least of signalling
to the conductor when everything was ready to start,
and that he was in the discharge of his duties in his
conversation with the plaintiff and in examining his
tickets. We think the court did not err in admitting
Mrs. Hubbert's testimony.

From the testimony on the question of damages we
cannot say that the judgment is excessive in amount.
We are of the opinion that the verdict was not the re-
sult of passion and prejudice. The judgment is, there-
fore, affirmed.

*Affirmed.*